UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 24-CR-00007 (JMB/DLM) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| David V. Erickson, | |
| Defendant. | |

---

Joseph H. Thompson, United States Attorney's Office, Minneapolis, MN; Amanda R. Scott and Boris Bourget, United States Department of Justice, Tax Division, Washington, DC, for Plaintiff.

William J. Mauzy and William R. Dooling, Mauzy Law Office, P.A., Minneapolis, MN, for Defendant.

---

This matter is before the Court on the Defendant David V. Erickson's request that the Court not exclude additional time under 18 U.S.C. § 3161 (Doc. No. 115),[1] as well as the Government's second motion to exclude time under 18 U.S.C. § 3161(h)(7)(B)(ii). (Doc. No. 121.)  For the reasons explained below, the Court grants the Government's motion, sets a trial start date of August 4, 2025, and excludes the time from May 12, 2025, through August 4, 2025.

---

[1] On April 2, 2025, Erickson filed a "Speedy Trial Demand," asking the Court to schedule a trial "consistent with 18 U.S.C. § 3161." (Doc. No. 115.)  The Court construes this filing as a request that the Court not exclude any additional time under the Speedy Trial Act.

1

## BACKGROUND

On January 18, 2024, Defendant David V. Erickson was charged by Indictment for the following criminal offenses: five counts of tax evasion, in violation of 26 U.S.C. § 7201; ten counts of aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2); and one count of making a false statement to the Internal Revenue Service, in violation of 18 U.S.C. § 1001.  (Doc. No. 1.)  On March 12, 2024, Erickson made his initial appearance and was arraigned.  (Doc. Nos. 18, 19.)  The Magistrate Judge issued an arraignment order and set a trial date of May 20, 2024.  (Doc. No. 20.)  Later that month, the Government moved to designate the case as complex, exclude time from the Speedy Trial Act's seventy-day clock under 18 U.S.C. § 3161(h)(7)(B)(ii), and strike the deadlines previously set in the arraignment order.  (Doc. No. 23.)  Erickson did not oppose this motion.  The Magistrate Judge granted the Government's motion, designated the case as "complex" under section 3161(h)(7)(B)(ii), and found that the ends of justice served by excluding time outweighed the interests of the public and the defendant.  (Doc. No. 25.) More specifically, the Magistrate Judge found that "it [wa]s unreasonable to expect adequate preparation for pre-trial proceedings or the trial itself within the typical seventy-day period" for the following five reasons:

> (1) the subject matter of this federal tax prosecution is complex; (2) the amount of evidence the Government obtained from foreign sources, including records that require translation into English, is unusual; (3) there is a substantial number of foreign witnesses allegedly involved in the transactions or events at issue in this prosecution; (4) the discovery in this case is voluminous and exceeds half a million pages; and (5) evidence is still being collected and processed by the Government.

(*Id.* at 1–2.)  The Magistrate Judge also set a new trial date of May 12, 2025, and excluded the 426-day period spanning from Erickson's initial appearance to that date.  (*Id.* at 4.)

In April 2024, the Government moved to depose five foreign witnesses.  (Doc. No. 26.)  Erickson opposed this motion, and, in June 2024, the Magistrate Judge denied the motion without prejudice, concluding that the motion was "premature," given that the case had been designated as complex and that trial was "not set to occur for roughly [one] year at the earliest."  (Doc. No. 37 at 2, 7.)  In February 2025, the Government renewed its motion.  (Doc. No. 60.)  The Magistrate Judge granted the renewed motion and permitted the Government to schedule trial depositions of three witnesses residing in Canada.[2]  (Doc. No. 89.)  The Magistrate Judge also issued a Report and Recommendation (R&R), which set deadlines for the parties to object and respond as well as an anticipated order issue date of May 12, 2025.  (Doc. No. 88.)[3]

Shortly thereafter, the Government filed a notice of depositions, indicating its intent to depose the three witnesses on March 24 through March 26, 2025.  (Doc. No. 90.)  At Erickson's request (Doc. No. 91), the Magistrate Judge struck the Government's noticed dates for the depositions and ordered that the depositions take place after those dates, but

---

[2] The Magistrate Judge found "nothing untoward about the government's filing of the motion when it did—close to a trial date (in order to assuage the Court's earlier concern of prematurity), but not so far off as to delay the trial."  (Doc. No. 89 at 4.)

[3] On March 28, 2025, Erickson filed objections to the R&R and requested that this Court review and reverse the Magistrate Judge's ruling denying Erickson's motion for disclosure of grand jury testimony.  (Doc. No. 108.)  In fact, Erickson requests that the Court compel disclosure of this grand jury testimony prior to the depositions scheduled for May 14 and May 16, 2025.

3

no later than May 30, 2025.  (Doc. No. 94.)  The Magistrate Judge also directed the parties to contact the District Judge's chambers to, among other things, determine a new trial date.  (*Id.* at 2.)  The Government subsequently rescheduled the depositions for May 14 through May 16, 2025.  (Doc. No. 116.)

On April 2, 2025, Erickson filed his request that the Court not exclude additional time under the Speedy Trial Act.  A few weeks later, the Government filed its motion to exclude additional time under 18 U.S.C. § 3161(h)(7)(B)(ii), requesting that the trial start on July 28, 2025, or no later than August 4, 2025.  (Doc. No. 121 at 2.)  Erickson filed a response, requesting a trial date of June 23, 2025.  (Doc. No. 124.)

## DISCUSSION

Under the Speedy Trial Act, the trial of a defendant charged by indictment must begin within seventy days from the date the indictment or the date of the first appearance, whichever date is later, *see* 18 U.S.C. § 3161(c)(1), unless the court exercises its discretion to exclude periods of time from the seventy days, *id.* § 3161(h)(7), such as when the ends of justice served by excluding time outweigh the interests of the public and the defendant, *id.* § 3161(h)(7)(A).  If a court finds that the ends of justice are best served by excluding a period of time, it must state its reasons for so finding orally or in writing.  *Id.* § 3161(h)(7)(A); *accord United States v. Johnson*, 990 F.3d 661, 668 (8th Cir. 2021).

Among other factors, courts consider whether the case is "so unusual or so complex" either because of the "number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law," such that it is "unreasonable to expect adequate preparation for pre-trial proceedings or for the trial itself within the time limits established"

4

by the Speedy Trial Act. *See id.* § 3161(h)(7)(B)(ii). This Court finds, for the following reasons, and consistent with the Magistrate Judge's prior designation of this case (*see* Doc. No. 25), that the case remains "so unusual or so complex" that the ends of justice compel exclusion of additional time, that these interests continue to outweigh the interests of the public and the defendant, and that it is unreasonable to expect adequate preparation for pre-trial proceedings by the currently scheduled trial date of May 12, 2025.

The complexity of this case is reflected in the litigation and discovery that has taken place since the initial determination of complexity. There continue to be voluminous discovery materials and there continue to be disagreements over the scope of requested discovery, including over foreign witnesses. (*See* Doc. No. 25 at 1–2 (concluding that these unique aspects of the case compelled designation of the case as complex and exclusion of time).) The parties recently disagreed over the need for and scope of depositions of foreign witnesses allegedly involved in the transactions at issue. These depositions are now scheduled for May 14 through May 16, 2025. Presumably, the parties will need some time to review the admissibility of the testimony provided during these depositions, and the Court will require time to consider and rule on any objections that the parties raise.

Additionally, the complexity of this case is reflected by the many pending motions before the Court that must be resolved in advance of trial, including the Court's order on Erickson's renewed request for disclosure of grand jury testimony (Doc. No. 108 at 1–6) and Erickson's objections to the R&R (*id.* at 6–14). The parties have also filed several pending motions in limine (Doc. Nos. 67, 74–86), and a third party has filed a pending motion to quash a trial subpoena. (Doc. No. 114.) The Government also anticipates that

5

there may be additional pretrial briefing required on an issues arising from the nature of one of Erickson's recently noticed prospective trial witnesses. (Doc. No. 121 at 11–12.)

In sum, given the continuing complexities presented by this case, the Court and the parties cannot be prepared to begin trial on May 12, 2025, and additional time is required.[4]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The Government's second motion to exclude time from the Speedy Trial Act's seventy-day clock under 18 U.S.C. § 3161(h)(7)(B)(ii) (Doc. No. 121) is GRANTED.

2. The trial in the case shall commence on August 4, 2025.

---

[4] The Court observes that separate from his argument concerning the applicability of 18 U.S.C. § 3161(h)(7)(B)(ii), Erickson makes passing reference to the Sixth Amendment right to a speedy trial and the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 522, 530 (1972) (setting forth the following four factors for courts to consider: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant"). (Doc. No. 124 at 2.) Courts review Sixth Amendment challenges separately from the Speedy Trial Act, and it is "unusual" for courts "to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Aldaco*, 477 F.3d 1008, 1018–19 (8th Cir. 2007). Despite Erickson's reference to *Barker*, he develops no clear argument analyzing any of these factors. Moreover, the Court concludes that this is not one of the "unusual cases" where the Sixth Amendment has been violated but the Speedy Trial Act has not been. Rather, the balance of the *Barker* factors favors the conclusion that no Sixth Amendment violation has occurred, especially given the following: Erickson did not oppose the initial exclusion of 426-days, through May 12, 2025, because it "was not unreasonable for the Government to assert that this was a complex tax matter" (Doc. No. 124 at 3); Erickson requested to push back the initial date of the foreign depositions until after April 28, 2025 (Doc. No. 91); there is no indication that the Government has acted in bad faith and the Government's representations of availability do not preclude filing a motion to continue trial; and Erickson has not identified any harm or prejudice caused by scheduling the trial for August 4, 2025.

3. The eighty-five-day period spanning May 12, 2025, through August 4, 2025, shall be excluded from the Speedy Trial Act's seventy-day clock under 18 U.S.C. § 3161(h)(7)(B)(ii).

4. Defendant David V. Erickson's request not to exclude additional time (Doc. No. 115) is DENIED.

5. Should defense counsel be unavailable on this trial date, they may file a request to start trial on a different date when they are available.

Dated: April 23, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court