UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,   File No. 24-CR-00007(1) (JMB/DLM)

    Plaintiff,

v.   **ORDER**

David V. Erickson,

    Defendant.

---

Joseph H. Thompson, United States Attorney's Office, Minneapolis, MN; and Amanda R. Scott and Boris Bourget, United States Attorney's Office, Washington, DC, for Plaintiff.

William J. Mauzy and William R. Dooling, Mauzy Law Office, P.A., Minneapolis, MN, for Defendant.

---

This matter is before the Court on Defendant David V. Erickson's request for review of and objections to an Order and Report and Recommendation (R&R) of United States Magistrate Judge Douglas L. Micko, dated March 14, 2025. (Doc. No. 108.) For the reasons explained below, the Court returns the matter to the Magistrate Judge in part, overrules the objections in part, and adopts the remaining portions of the R&R.

### BACKGROUND

The factual background for this matter is set forth in the Order and R&R and is incorporated here by reference. (*See* Doc. No. 87 at 2–4; Doc. No. 88 at 2–4.) Therefore, the Court provides only a brief procedural history.

1

In January 2024, Erickson was charged by Indictment for the following criminal offenses: five counts of tax evasion, in violation of 26 U.S.C. § 7201; ten counts of aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2); and one count of making a false statement to the Internal Revenue Service (IRS), in violation of 18 U.S.C. § 1001.  (Doc. No. 1.)  In December 2024, Erickson filed several pretrial motions.  (*See* Doc. Nos. 42–49.)  Erickson moved for, among other things, a discovery order directing the Government to make certain disclosures, including "[a]ll transcripts of grand jury testimony in grand jury proceedings involving . . . Erickson which have not already been disclosed" under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963).  (Doc. No. 43.)  Erickson also moved to dismiss the Indictment on two grounds: (1) for charging in violation of the statute of limitations; and (2) for pre-indictment delay.  (Doc. Nos. 45, 49.)

On March 14, 2025, the Magistrate Judge issued an Order and R&R.  (Doc. Nos. 87, 88.)  In the Order, the Magistrate Judge denies Erickson's request that the Government disclose the grand-jury testimony of an IRS special agent.  (Doc. No. 87 at 7–8.)  In the R&R, the Magistrate Judge recommends denying Erickson's motions to dismiss.  (Doc. No. 88 at 11–15, 19–26.)

## DISCUSSION

Erickson now asks the Court to review the decision to deny disclosure of the grand-jury transcript.  He also objects to the Magistrate Judge's recommendations to deny the motions to dismiss.

2

I.  **REVIEW OF DISCOVERY ORDER**

Erickson asks the Court to review the Magistrate Judge's denial of his request that the Government disclose the grand-jury testimony of an IRS special agent or, in the alternative, that the Magistrate Judge conduct an in camera review of the testimony to determine whether disclosure is required. (Doc. No. 43.) For the reasons discussed below, the Court returns the matter to the Magistrate Judge for an in camera review of the grand-jury testimony at issue to determine whether the testimony constitutes exculpatory evidence that the Government is constitutionally required to disclose or whether the factors of Federal Criminal Rule of Procedure 6(e)(3)(E) compel the Government to disclose this testimony.

District courts review the rulings of Magistrate Judges on non-dispositive pre-trial orders with extreme deference. *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017). The Court will reverse such orders only when the Magistrate Judge's decision is clearly erroneous or contrary to law. *Id.*; Fed. R. Crim. P. 59(b); D. Minn. L.R. 72.2(a)(3). A decision is "clearly erroneous" when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Coons*, 268 F. Supp. 3d at 991 (quotation omitted). A decision is "contrary to law" when it "fails to apply or misapplies pertinent statutes, case law, or rules of procedure." *Id.*

Under *Brady*, the Government has a constitutional obligation to disclose material exculpatory evidence to defendants. *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016). The parties disagree as to whether the grand-jury testimony is material and exculpatory. Although a defendant's "mere speculation" that the requested evidence may

3

contain *Brady* material is not enough to require in camera review, *see*, *e.g.*, *United States v. Pou*, 953 F.2d 363, 367–68 (8th Cir. 1992), courts abuse their discretion when they deny a request for in camera review of nonpublic documents that possibly contain exculpatory evidence. *See, e.g.*, *United States v. Garcia*, 562 F.3d 947, 953 (8th Cir. 2009) (concluding the district court abused its discretion in denying request for in camera review of presentence investigation reports).

In this case, the text of the motion itself and the arguments presented to the Magistrate Judge primarily focus on whether the Government is obligated to disclose the transcript at issue to Erickson's counsel. In denying this request, the Magistrate Judge did not assess whether the transcript contained exculpatory evidence. Instead, the Magistrate Judge assumes that if the transcript in fact contained exculpatory evidence, then the Government will have to eventually disclose it. (Doc. No. 87 at 8 ("Mr. Erickson therefore will have access to the transcript one way or another before trial.").) The parties' objections and responses to the Magistrate Judge's Order, however, have since clarified that Erickson is requesting an in camera review of the transcript at this time as an alternative to ordering disclosure of the transcript. For these reasons, the Court returns the matter to the Magistrate Judge for an in camera review of the transcript in question.

## II. OBJECTIONS TO THE R&R

District courts conduct a de novo review of any portion of an R&R to which a defendant makes specific objections.[1] 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. L.R. 72.2(b). For the reasons discussed below, the Court returns the matter to the Magistrate Judge for further consideration of the motion to dismiss relating to the statute of limitations but adopts the recommendation to deny the motion to dismiss for undue pre-indictment delay.

### A. Motion to Dismiss Based on the Statute of Limitations (Doc. No. 49)

Erickson objects to the Magistrate Judge's conclusion that the charged offenses are timely because the Government satisfied 18 U.S.C. § 3292's evidentiary burden when seeking the two tolling orders that suspended the statute of limitations. (Doc. No. 108 at 6–8.) Under section 3292, courts may suspend the applicable six-year statute of limitations period for offenses listed in Title 26 of the United States Code for up to three years to permit time for international investigation, if certain conditions are met, as follows:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

---

[1] The Magistrate Judge also made recommendations to which Erickson does not object. After reviewing these portions of the R&R de novo, the Court discerns no error and concurs with these recommendations.

18 U.S.C. § 3292(a)(1). A plain reading of this section indicates that a district court must consider two things when deciding whether to suspend the running of a statute of limitations: (1) "whether an official request was made," and (2) "whether that official request was made for evidence that reasonably appears to be in the country to which the request was made." *United States v. Flynn*, No. 16-CR-00347 (ADM/KMM), 2017 WL 8947195, at *7 (D. Minn. Aug. 11, 2017), *report and recommendation adopted*, 2017 WL 5462184 (D. Minn. Nov. 14, 2017) (quoting *United States v. Broughton*, 689 F.3d 1260, 1273 (11th Cir. 2012)). The Government's request for evidence must be accompanied by "something with evidentiary value—that is, testimony, documents, proffers, and other submissions bearing some indicia of reliability—tending to prove that it is reasonably likely that evidence of the charged offense is in a foreign country." *United States v. Trainor*, 376 F.3d 1325, 1332 (11th Cir. 2004); *see also DeGeorge v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 219 F.3d 930, 937 (9th Cir. 2000) ("[T]he government has some burden to establish, as opposed to being able to merely assert without support, that the foreign evidence it seeks meets the section's requirements.") However, the government is not required to "list each and every offense that is being investigated." *United States v. Michel*, No. 19-CR-0148-1 (CKK), 2017 WL 5797669, at *11 (D.D.C. Nov. 6, 2019) (collecting cases).

The Magistrate Judge recommends that the Court deny Erickson's motion to dismiss for charging in violation of statute of limitations because, in the tolling orders, Judge Katherine M. Menendez found by a preponderance of the evidence that the Government had made "official request[s]" to an "authority of a foreign country," that the evidence

6

sought was "related to the offenses under investigation," and that the requests were made for "evidence of the offenses under investigation" that "appear[ed]" to be in the foreign country to which the request was made.  (Doc. No. 50-2 ¶¶ 8, 10; Doc. No. 50-3 ¶¶ 5–13.) The Magistrate Judge reasons that the tolling orders were supported by "legally sufficient evidence"—affidavits from Government counsel, which had accompanied the tolling applications and described the nature of the grand jury's criminal investigations and the information known about the alleged tax evasion scheme, and that the Government was not required to "list each and every offense that [was] being investigated" in its tolling application.  (Doc. No. 88 at 25–26.)

Erickson objects to the Magistrate Judge's reliance on the tolling orders' findings (which only referenced the affidavits), instead of the affidavits themselves, which were not in the record when the R&R issued.[2]  (Doc. No. 108 at 6–8.)  The Court will return this matter to the Magistrate Judge for review of the underlying tolling applications to confirm whether the Government satisfied the evidentiary burden set forth in 18 U.S.C. § 3292(a)(1).

B.      **Motion to Dismiss for Pre-Indictment Delay (Doc. No. 45)**

Erickson also objects to the Magistrate Judge's conclusion that he has failed to show that the matter should be dismissed for pre-indictment delay.  (Doc. No. 108 at 8–14.)

---

[2] The Government has since attached the underlying applications to its pending motion in limine for an order finding tolling orders proper and applicable to indicted charges.  (*See* Doc. Nos. 67, 70, 71.)

7

The Fifth Amendment's Due Process Clause protects a defendant against unreasonable pre-indictment delay. *United States v. Gladney*, 474 F.3d 1027, 1030 (8th Cir. 2007). To show that an alleged pre-indictment delay violated the Due Process Clause, a defendant "must overcome a high hurdle." *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006). Specifically, the defendant must establish two things: that "(1) the delay resulted in actual and substantial prejudice to the presentation of his defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him." *Id.*

Erickson first objects to the Magistrate Judge's conclusion that he has not shown actual and substantial prejudice. (Doc. No. 108 at 11–12.) To show actual and substantial prejudice sufficient to warrant a dismissal, a defendant must offer more than speculative or conclusory claims of possible prejudice resulting from the passage of time. *See United States v. Bartlett*, 794 F.2d 1285, 1289–90 (8th Cir. 1986). A defendant's reliance on the "possibility of prejudice inherent in any extended delay," such as "that memories would dim, witnesses would become inaccessible, and evidence would be lost" are insufficient. *United States v. Purham*, 725 F.2d 450, 453 (8th Cir. 1984). To succeed on this factor, the defendant must do each of the following: (1) identify the witnesses or documents that were lost due to the delay, (2) provide "sufficient detail" about the substance of the testimony or information so that a court can accurately assess whether it is material to his defense, and (3) show that the testimony or information is not available through other means. *Bartlett*, 794 F.2d at 289–90.

Erickson contends that he made such a showing for the following three reasons: (1) "the whistleblower witness who initiated a complaint has passed away"; (2) the memories of two relevant witnesses are "demonstrably hazy"; and (3) other unidentified witnesses "from years ago" cannot be located. (Doc. No. 108 at 12.) This is not enough to justify dismissal for pre-indictment delay. Though he has identified one witness who is unavailable and two witnesses with dimmed memories, the Court cannot assess the materiality of these witnesses' testimony to Erickson's defense because Erickson has not provided any detail about the substance of such testimony. Moreover, he has not shown that these witnesses' testimony is unavailable through other sources. In sum, Erickson's arguments are conclusory and speculative and do not establish actual and substantial prejudice.[3]

Because Erickson has not demonstrated prejudice, the analysis could end here; the Court need not analyze Erickson's objection to the Magistrate Judge's conclusion that he failed to show that the Government engaged in an intentional delay for tactical gain. *See United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002) ("If the defendant fails to establish actual prejudice, we need not assess the government's rationale for the delay."). Nevertheless, for the sake of thoroughness, the Court will also analyze Erickson's intentional-delay arguments.

---

[3] Erickson also contends that "[d]emonstrating prejudice is not indispensable in a due process analysis." (Doc. No. 108 at 13.) However, he offers no legal authority to support this proposition, and caselaw suggests otherwise. *See Sprouts*, 282 F.3d at 1041 ("To establish unreasonable pre-indictment delay, a defendant *must* show that the delay resulted in actual and substantial prejudice to his defense." (emphasis added)).

9

"[D]ue process does not require a dismissal for pre-indictment investigative delay." *United States v. Reed*, 647 F.2d 849, 852 (8th Cir. 1981) (quotation omitted). When considering whether the Government's delay was the result of valid investigative efforts, courts weigh factors such as "the number of documents which were seized, the extended period of time at issue, and the number of transactions involved." *See United States v. Riley*, No. 09-CR-98 (PJS/RLE), 2009 WL 1954633, at *5 (D. Minn. July 6, 2009) (considering these factors in complex fraud case and concluding that defendant had not shown intentional delay).

Erickson contends that the Government's *post*-indictment delay tactics show a pattern of harassment from which the Court should infer that the Government's *pre*-indictment delay was purposeful. (Doc. No. 108 at 9–11.) Specifically, Erickson takes issue with the timing of the Government's renewed motion for depositions and scheduling of foreign depositions. (*Id.* at 10–11.) However, Erickson's counsel's scheduling needs and ultimate request to push back the initial date of the foreign depositions appear to be the source of scheduling delay at issue. (*See* Doc. No. 91.) Moreover, the record shows that any additional delay was the result of the Government's valid investigative efforts, as the "indictment concerns . . . dozens [of transactions] and involves a years' long pattern involving millions of purported loans," the Government made over "a dozen official requests to countries worldwide," and produced 639,000 records or 408 gigabytes of data, including "tens of thousands of emails seized pursuant to a search warrant." (Doc. No. 50 at 2–4, 34.) Erickson has not shown that the Government intentionally delayed the indictment to gain a tactical advantage or to harass him.

Thus, the Court overrules Erickson's objections regarding the Government's alleged pre-indictment delay.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The matter is RETURNED to the Magistrate Judge for further consideration of Erickson's Motion for Discovery. (Doc. No. 43.) Specifically, the Magistrate Judge should conduct an in camera review of the grand-jury testimony at issue to determine whether the testimony constitutes exculpatory evidence that the Government is constitutionally required to disclose as well as whether the factors of Federal Criminal Rule of Procedure 6(e)(3)(E) compel the Government to disclose this testimony.

2. The matter is RETURNED to the Magistrate Judge for further consideration of Erickson's Motion to Dismiss for Statute of Limitations Violation. (Doc. No. 49.) The Magistrate Judge shall consider the tolling application and whether it shows that the Government satisfied the evidentiary burden set forth in 18 U.S.C. § 3292.

3. Defendant's Objection to the Magistrate Judge's March 14, 2025 recommendation (Doc. No. 88) to deny the Motion to Dismiss for Pre-Indictment Delay (Doc. No. 45) is OVERRULED and the Motion to Dismiss for Pre-Indictment Delay is DENIED.

4. The remaining, unobjected-to portions of the Magistrate Judge's March 14, 2025 R&R (Doc. No. 88) are adopted.

Dated:  May 12, 2025               /s/ *Jeffrey M. Bryan*
                                   Judge Jeffrey M. Bryan
                                   United States District Court