**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | File No. 24-CR-00007 (JMB/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| David V. Erickson, | |
| Defendant. | |

Joseph H. Thompson, United States Attorney's Office, Minneapolis, MN; and Amanda R. Scott and Boris Bourget, United States Department of Justice, Tax Division, Washington, DC, for Plaintiff United States of America.

William J. Mauzy and William R. Dooling, Mauzy Law Office, P.A., Minneapolis, MN, for Defendant David V. Erickson.

This matter is before the Court on five motions in limine by Defendant David V. Erickson: a motion to preclude evidence of alleged representations to shareholders (Doc. No. 80); a motion to preclude evidence of Erickson's divorce (Doc. No. 81); a motion to preclude evidence of representations to certain financial institutions (Doc. No. 82); a motion to preclude certain banking documents (Doc. No. 147); and a motion to preclude evidence of rental payments.  (Doc. No. 148.)  The Government opposes these motions. (Doc. Nos. 101, 167.)  The Court heard argument on these motions and took them under advisement at the final pretrial hearing conducted on August 4, 2025.

For the reasons explained below, the Court denies as moot Erickson's motion to preclude evidence of alleged representations to shareholders (Doc. No. 80); grants

1

Erickson's motion to preclude evidence of Erickson's divorce (Doc. No. 81); grants in part and denies in part Erickson's motion to preclude evidence of representations to certain financial institutions (Doc. No. 82); grants Erickson's motion to preclude certain banking documents (Doc. No. 147); and grants Erickson's motion to preclude evidence of rental payments.  (Doc. No. 148)

## DISCUSSION

### I. ERICKSON'S MOTION TO PRECLUDE EVIDENCE OF ALLEGED REPRESENATONS TO FOREIGN CORPORATIONS

Erickson moves to preclude evidence of alleged representations to shareholders and employees of foreign corporations under Federal Rules of Evidence 403 and 404(b).  (Doc. No. 80.)  At the pretrial hearing, Erickson limited this motion to the objections he recorded at the May 2025 deposition testimony, labeled as Defense Deposition Objections 1, 43, 44, and 45. (*See* Doc. No. 137 at 1–4, 29–35.)  These objections have been sustained by the Court.  (Doc. No. 174.)  Thus, this motion is denied as moot.

### II. ERICKSON'S MOTION TO EXCLUDE EVIDENCE OF DIVORCE PROCEEDINGS

Erickson also moves to exclude evidence of his divorce proceedings under Rules 403 and 404(b).  (Doc. No. 81.)  The challenged evidence includes the following three categories: (1) testimony and documentary evidence regarding Erickson's alleged noncompliance with requests for disclosure or other documentation during divorce proceedings; (2) testimony and documentary evidence regarding identification and distribution of the marital estate; and (3) testimony and documentary evidence regarding Erickson's alleged unwillingness to cooperate with his former spouse's divorce attorney.

2

Under Rule 403, the Court may exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The Court concludes that the probative value of the proposed evidence is extremely low.  First, Erickson, in his divorce disclosures, appears to have included liabilities in a manner consistent with the representations Erickson made on the tax returns in question in this matter.  (*See* Doc. No. 101 at 20.)  Therefore, these disclosures, on their own, have no tendency to show that Erickson made false representations on the tax returns.  Second, the Court rejects the contention that Erickson's alleged uncooperativeness in his divorce proceedings bears in any direct way on the likelihood that he committed any of the charged offenses.  A party's behavior during unrelated divorce proceedings may be the result of any number of irrelevant factors, including advice from divorce counsel, litigation strategies, or other personal prerogatives.

On the other side of the Rule 403 scale, the Court concludes that the proposed divorce evidence risks unfair prejudice to Erickson, misleading or confusing the jury, and needlessly presenting cumulative evidence.  Of particular concern to the Court is the likelihood that inclusion of this evidence would require a mini-trial, made up of a series of witnesses and documentary evidence to assess who said what to whom and in what context during the divorce proceedings, as well as evidence regarding whether any of those statements were true and evidence concerning the appropriateness of the parties and attorneys' behavior during those proceedings.  Moreover, the presentation of this evidence

3

appears to ask the jury to second-guess the accuracy and fairness of the court-approved dissolution decree, including the court's conclusions regarding whether the stipulated dissolution agreement was fair, equitable, and supported by full disclosure of all financial information.

Because the evidence has little-to-no probative value, while carrying a significant risk of prejudice, confusion, and delay, Erickson's motion to exclude evidence from his divorce proceedings (Doc. No. 81) is granted.[1]

### III. ERICKSON'S MOTION TO PRECLUDE EVIDENCE OF REPRESENTATIONS TO CERTAIN FINANCIAL INSTITUTIONS

Erickson next moves under Rules 403 and 404(b) to preclude evidence of representations he made to several financial institutions. (Doc. No. 82.) The challenged evidence concerns the following three loan applications: (1) a 2017 mortgage application for the purchase of Erickson's personal residence in Excelsior, Minnesota; (2) a 2019 mortgage refinance application for the same property; and (3) a 2017 application for an auto loan. (*See* Doc. No. 101-1 at 3–4; Gov. Exs. G-482–G-571.) The Government argues that this evidence is direct evidence of the charged conduct, as it reflects conduct described in the Indictment and demonstrates that Erickson willfully misrepresented the payments at issue, in this case as loans, when submitting his tax returns. (*See* Doc. No. 101 at 23–24.)

The Court grants this motion in part and denies it in part. The Court permits entry of evidence of statements made by Erickson and any documentation he provided that

---

[1] In light of this decision, the Court declines to also address Erickson's Rule 404(b) objection.

characterize or refer to any outstanding debt or other liabilities he owed. These statements are directly relevant to establishing elements of the charged offenses, including willfulness. *See United States v. Morris*, 723 F.3d 934, 941 (8th Cir. 2013). However, the Government has marked nearly 100 exhibits regarding these three loan applications, many of which are not statements made by Erickson or documents provided by him. (*See* Gov. Exs. G-482–G-571.) Instead, this evidence includes the resulting purchase or loan agreements, disbursements, at least one deed, and minutes from loan committee meetings, among others. (*See id.*) Such evidence is not intrinsic to the charged conduct and should be excluded under Rule 403 because it has little-to-no probative value while carrying a high risk of misleading the jury, wasting time, and needlessly presenting cumulative evidence.

Therefore, the Court will permit entry of evidence of Erickson's own statements and documents provided by him but excludes the remainder of the identified related exhibits.[2]

## IV.   MOTION TO PRECLUDE E.D.D.C. DOCUMENTS

Erickson moves to exclude ten Government exhibits (G-636–G-645) related to E.D.D.C. Corporation N.V. (E.D.D.C.) under Rules 403 and 404(b). (Doc. No. 147.) The challenged exhibits contain business records establishing E.D.D.C.'s date of incorporation, its business activities, its directors and shareholders, its bank statements, and its corporate structure, as well as Erickson's personnel folder and communications between Erickson and others regarding the company's business ties. (*See* G-636–G-645.)

---

[2] In light of this decision, the Court declines to also address Erickson's Rule 404(b) objection.

5

E.D.D.C. is not referenced in the Indictment, and Erickson faces no criminal charges regarding his business activities with E.D.D.C.  (*See generally* Doc. No. 1.)  Nor are there any financial transactions between Erickson and E.D.D.C. at issue in this case.  The Government argues that because E.D.D.C.'s corporate structure featured a similar group of owners as those who owned Firefly, the E.D.D.C. records are analogous to evidence showing ownership and control of Firefly, and his knowledge of his federal tax duties, and, therefore, indirectly related to the criminal element of willfulness.  (Doc. No. 167 at 6.)  The Court is not convinced and instead agrees with Erickson that Rule 403 bars this evidence.

As noted, E.D.D.C. is neither mentioned in the Indictment nor directly implicated in the charged conduct.  Moreover, the Government has proposed admission of dozens of exhibits relating to the ownership structure and management of Firefly, including Firefly's commercial register (G-650), Firefly's Declaration of Ownership (G-652), Firefly's annual reports (G-654–G-656), Firefly's shareholder agreement (G-663), and Erickson's UBO declaration.  (G-665.)  The Government has provided no explanation why these exhibits, which appear to bear far more directly on the probative matter of Erickson's control over Firefly and his financial sophistication, are insufficient.

Any additional probative value offered by the E.D.D.C. records above and beyond that of the Firefly records is outweighed by the risk of confusing the issues, misleading the jury, and needlessly presenting cumulative evidence.  The Indictment already lists eight different companies and their relationship to Erickson as relevant to the crimes at issue.  (Doc. No. 1 at 7.)  A reasonable jury may be confused by inclusion of a ninth company,

6

which is not listed in the Indictment, and about which none of the charged conduct directly concerns. In addition, the Government has not offered a sufficient explanation why the E.D.D.C. records are not unduly cumulative of the evidence that directly concerns Firefly.[3]

## V. MOTION TO PRECLUDE EVIDENCE OF RENTAL PAYMENTS

Erickson next moves to preclude evidence regarding rental payments for the Greenwood Circle property in 2016 and 2017. (Doc. No. 148.) The Government's proposed evidence includes: (1) documentary evidence (a lease agreement) for the Greenwood Circle apartment for a lease term of February 2016–March 2018, reflecting a monthly rent of $4,500, and which lists Rypl as the leaseholder, Chad Moldon as the guarantor, and Erickson as the resident (G-481); (2) expected testimony regarding these rental payments. (*See* Doc. No. 167 at 15–16.) Erickson argues that this evidence is barred by Rules 404(b) and 403. For the following reasons, the Court agrees.[4]

### A. Rule 404(b) Objection

Erickson first argues that evidence of the rental payments constitutes impermissible propensity evidence. "Rule 404(b) prohibits the admission of other bad acts that are offered to prove the character of a person in order to show action in conformity therewith." *United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011) (internal quotations omitted). The Government responds that the rental payments are not subject to Rule 404(b)'s limitations

---

[3] In light of this decision, the Court declines to also address Erickson's Rule 404(b) objection.

[4] In light of this decision, the Court declines to also address Erickson's remaining objection to this evidence, that the Confrontation Clause precludes admission.

7

because they are intrinsic to the charged offenses. Intrinsic evidence is evidence of wrongful conduct, other than the conduct at issue, which "tends logically to prove any element of the crime charged," *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005), or which otherwise "completes the story" of the alleged offense. *United States v. Guzman*, 926 F.3d 991, 1000 (8th Cir. 2019). Intrinsic evidence is not bound by Rule 404(b)'s limitations. *Id.* at 999. The Government makes two arguments. Neither has merit.

First, the Government contends that evidence of these rental payments is intrinsic because these payments are part of the "same series of transactions" as those charged in the Indictment. (Doc. No. 167 at 16.) The Court disagrees. The Indictment specifically concerns payments made "to U.S. Bank accounts that ERICKSON controlled," and that Erickson then directed his subordinates to "falsely categorize and account for the payment of these funds as nontaxable loans." (Doc. No. 1 ¶¶ 68(d), 70(d), 72(c), 74(c), 76(c) (relating to Counts 1–5); *id.* ¶ 78 (relating to Counts 6–9); *id.* ¶ 80 (relating to Counts 10–11); *see also id.* ¶ 82 (relating to Counts 12–15 and concerning the false characterization of "certain funds received by HBH as nontaxable loans"); *id.* ¶ 84 (relating to Count 16 and concerning statements Erickson made about "funds to HBH" and "funds to bank accounts held by HBH and controlled by ERICKSON in amounts determined by ERICKSON").) The Government does not argue that the Indictment charges Erickson with underreporting his income because he failed to include the amount of these rental payments in his tax returns. Indeed, the Indictment makes no mention of rental payments. Nor does the Government contend that the rental payments were made to a bank account controlled by Erickson or HBH from one of the entities in question. Instead, it appears that the rental

8

payments were made directly to the property management company (*see* G-481 ¶ A.1), not to any bank accounts owned or controlled by Erickson. Therefore, the rental payments and the payments discussed in the Indictment may have something in common, but they are not chronologically or logically dependent upon one another so as to form "an integral part of the immediate context of the crime charged." *Fleck*, 413 F.3d at 890. Put otherwise, the story of Erickson's alleged fraudulent representation of income as nontaxable loans on his tax returns could be, and indeed has been, told without any reference to the Greenwood Circle lease or rental payments made pursuant to that lease.

Second, the Government argues that the rental payments constitute intrinsic evidence because Erickson ultimately ended up purchasing the Greenwood Circle residence, and when he did, his mortgage application did not include the nontaxable loans referred to on his tax returns. The existence of the rental payments, however, is not necessary to explain or intrinsic to the purchase of the Greenwood Circle residence, and the purchase of the residence is not necessary to explain or intrinsic to the filing of Eickson's tax returns. While statements that Erickson made on his mortgage application may constitute circumstantial evidence of his mental state, the existence of rental payments made prior to these statements is not intrinsic to, or circumstantial evidence of, any element of the charged offenses.

The Court concludes that the allegedly improper rental payments represent evidence of other uncharged acts that are distinct from the specific conduct alleged in the Indictment. Such evidence is properly categorized as extrinsic. Extrinsic evidence of other bad acts may be barred under Rule 404(b) unless offered for a permissible purpose, and unless

9

proper notice was given. Fed. R. Evid. 404(b). Rule 404(b) requires that the Government provide reasonable notice of any 404(b) evidence it plans to offer at trial. *Id.* The Government did not notify Erickson of its intent to introduce evidence of the Greenwood Circle rental payments in its 404(b) disclosures. (*See* Doc. No. 101-1.) The window in which to notice 404(b) evidence has now passed. Therefore, the Court concludes that the rental payment evidence is barred under Rule 404(b).[5]

### B.   Rule 403 Objection

Alternatively, the Court agrees with Erickson that the probative value of the evidence of rental payments is likely outweighed by the risk of confusing the issues and misleading the jury. Absent prohibited propensity reasoning, the probative value of evidence of rental payments is very low. On the other hand, admission of evidence of Greenwood Circle rental payments carries a high risk of confusing the jury, wasting time, needlessly presenting cumulative evidence, and unfair prejudice—including but not limited to an impermissible constructive amendment to the Indictment. Therefore, the Court grants Erickson's motion to exclude evidence of rental payments.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Erickson's Motion in Limine to Preclude 404(b) Evidence-Alleged Representations Foreign Corps (Doc. No. 80) is DENIED as moot;

---

[5] Even if properly noticed, the Court is also concerned that the proposed rental payment evidence does not fulfill any permitted purpose to justify its admission under Rule 404(b)(2).

2. Erickson's Motion in Limine to Preclude 404(b) Evidence of Divorce (Doc. No. 81) is GRANTED;

3. Erickson's Motion in Limine to Preclude 404(b) Evidence of Representations of Certain Financial Institutions (Doc. No. 82) is DENIED IN PART and GRANTED IN PART;

4. Erickson's Motion in Limine to Preclude Evidence Certain Banking Documents (Doc. No. 147) is GRANTED;

5. Erickson's Motion in Limine to Preclude Greenwood Circle Evidence (Doc. No. 148) is GRANTED; and

6. The parties shall meet and confer in light of these decisions and jointly file a list of any exhibits that continue to have unresolved objections by or before 10:00 a.m. on Friday, August 8, 2025.

Dated: August 6, 2025                              /s/ *Jeffrey M. Bryan*
                                                   Judge Jeffrey M. Bryan
                                                   United States District Court

11