UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>David V. Erickson,<br><br>    Defendants. | File No. 24-CR-00007 (JMB/DLM)<br><br>**ORDER** |

Joseph H. Thompson, United States Attorney's Office, Minneapolis, MN; and Amanda R. Scott and Boris Bourget, United States Department of Justice, Tax Division, Washington, DC, for Plaintiff United States of America.

William J. Mauzy and William R. Dooling, Mauzy Law Office, P.A., Minneapolis, MN, for Defendant David V. Erickson.

This matter is before the Court on three motions in limine regarding the testimony of Internal Revenue Service (IRS) Revenue Agent David Hewell.[1] Defendant David V. Erickson moves the Court to impose restrictions on Hewell's testimony. (Doc. No. 85.) The Government moves the Court to permit Hewell to present summary testimony (Doc. No. 74) and to sequester witnesses except Hewell. (Doc. No. 75). For the reasons explained below, the Court denies Erickson's motion (Doc. No. 85) as duplicative of the rules of evidence governing the scope of expert testimony, grants the Government's motion

---

[1] Erickson also objects to the testimony of Government's proposed expert Margaret Perez. The Government now represents that it does not intend to call Perez. (*See* Doc. No. 152.) Therefore, this portion of Erickson's motion is denied as moot.

1

to allow summary testimony (Doc. No. 74), and grants in part and denies in part the Government's motion to sequester witnesses except Hewell (Doc. No. 75).[2]

## BACKGROUND

The Government proposes to call Hewell as an expert and summary witness. (Doc. No. 52 at 3–4.) Hewell has over fifteen years of experience as a revenue agent for the IRS. (*Id.* at 13.) He has served within the special enforcement program since 2019. (*Id.*) He holds a master's degree in accounting and is licensed as a certified tax examiner. (*Id.*) The Government anticipates that Hewell will testify as to "the general procedures that govern how the IRS determines the accuracy of a tax return under examination, as well as all information reported on such return, including loans to shareholders." (Doc. No. 101 at 44.) Hewell is also expected to offer his expert opinion as to "the accuracy of Erickson's tax returns" based on his expertise and his review of the evidence admitted in this trial. (*Id.* at 45.) The Government also moves to permit Hewell to present summary testimony in this case. In this capacity, Hewell is expected to "summarize the voluminous tax returns, bank records, loan applications, and other financial records admitted into evidence during the trial" and to "testify about several inconsistencies related to the transactions at issue that are evidenced in these voluminous records." (Doc. No. 74 at 2; Doc. No. 101 at 48.)

## DISCUSSION

For the reasons discussed below, the Court denies Erickson's motion to restrict expert testimony (Doc. No. 85), grants the Government's motion to allow summary

---

[2] At the pretrial hearing on August 4, 2025, Erickson requested to exempt defense expert witnesses from any sequestration order. This request is also pending before the Court.

testimony (Doc. No. 74), and grants in part and denies in part the Government's motion to sequester witnesses (Doc. No. 75).

## I. MOTION TO RESTRICT EXPERT TESTIMONY

Erickson moves to restrict the scope of Hewell's testimony. (Doc. No. 85.) Much of Erickson's motion merely asks the Court to apply well-established rules of evidence and legal principles governing expert testimony in criminal trials. The Court thus denies Erickson's motion as redundant of applicable rules and caselaw.

Nevertheless, for clarity, the Court sets forth two principles in accordance with the applicable rules to guide the scope of Hewell's testimony in this case. First, no witness will be permitted to testify as to the law that the jury must apply. Instructing the jury on the law remains the sole province of the Court. *United States v. Klaphake*, 64 F.3d 435, 438 (8th Cir. 1995) ("[A]s a general rule, questions of law are the subject of the court's instructions and not the subject of expert testimony.").

Second, the Court will not permit Hewell, or any other witness, to state an opinion as to whether Erickson did or did not possess the requisite mens rea to commit the charged offenses or otherwise opine as to whether any evidence proves any of the essential elements of the charged conduct. *See* Fed. R. Evid. 704(b). More precisely, expert witnesses in this case will not be permitted to speculate as to Erickson's state of mind, including any of the following topics: (1) what Erickson knew or did not know at any period in time; (2) whether Erickson acted with willfulness; and (3) whether Erickson possessed a subjective intent to repay the payments at issue in this case. Expert witnesses necessarily lack foundation to testify as to a person's knowledge or state of mind, and such testimony—like any testimony

3

from a witness that an essential element has been established—invades the province of the jury. *See United States v. Felak*, 831 F.2d 794, 797 (8th Cir. 1987) (affirming district court's exclusion of expert testimony as to defendant's willfulness in tax evasion); *United States v. Windfelder*, 790 F.2d 576, 582 (7th Cir. 1986) (finding error to admit IRS agent testimony that the defendant intentionally understated his income). Hewell may, however, rely upon his specialized knowledge to assist the jury to understand the evidence and determine facts at issue. Fed. R. Evid. 702(a). Within these parameters, Hewell may fairly be called to explain general provisions of the Internal Revenue Code, Treasury Regulations, and IRS Guidance, as well as the rules, policies, and the general procedures that the IRS uses to determine the accuracy of a tax return and the nature or features of nontaxable loans and similar payments.

## II.     MOTION TO ALLOW SUMMARY TESTIMONY

The Government requests permission to permit Hewell to also testify as a summary witness. (Doc. No. 74.) As a summary witness, the Government anticipates that Hewell will "summarize the voluminous tax returns, bank records, loan applications, and other financial records admitted into evidence during the trial" and "explain the flow of unreported income" from foreign companies to Erickson. (*Id.* at 2.)

Summary testimony is generally permissible so long as the witness bases his summary testimony on the evidence received and is available for cross-examination. *United States v. Ellefsen*, 655 F.3d 769, 780 (8th Cir. 2011); *United States v. Robinson*, 439 F.3d 777, 781 (8th Cir. 2006); *United States v. King*, 616 F.2d 1034, 1041 (8th Cir. 1980); *United States v. Ruzicka*, No. 16-CR-246 (JRT/FLN), 2018

WL 385422, at *5 (D. Minn. Jan. 11, 2018). In cases such as these, involving accusations of complex financial crimes and voluminous records, courts have recognized the utility of permitting duly qualified IRS Agents to testify as summary witnesses. *See, e.g.*, *United States v. Pree*, 408 F.3d 855, 869 (7th Cir. 2005); *United States v. West*, 58 F.3d 133, 140 (5th Cir. 1995); *United States v. Moore*, 997 F.2d 55, 58–59 (5th Cir. 1993); *United States v. Bosch*, 914 F.2d 1239, 1242–44 (9th Cir. 1990).

At the same time, "[c]ourts treat the use of summary witnesses skeptically." *Ruzicka*, 2018 WL 385422, at *5 (citing *United States v. Flores-De-Jesus*, 569 F.3d 8, 19 (1st Cir. 2009)). Such testimony could unduly influence the jury insofar as it allows the Government "to present its case in a tidy package at the end of its presentation of evidence." *Flores-De-Jesus*, 569 F.3d at 19. In recognition of this risk, many courts impose limitations on summary witness testimony. *See id.* at 18 (noting that courts have taken a "cautious approach" to summary witness testimony); *United States v. Fullwood*, 342 F.3d 409, 413–14 (5th Cir. 2003) (approving of summary testimony for complex cases where it was restricted to unchallenged evidence and limiting instruction was given); *United States v. Johnson*, 54 F.3d 1150, 1161–62 (4th Cir. 1995) (permitting summary testimony in a complex case wherein limiting instructions were given and "extensive cross-examination concerning the validity of [summary witness's] testimony" was conducted); *Ruzicka*, 2018 WL 385422, at *5 (permitting summary testimony but restricting its scope and providing limiting instruction).

Erickson objects that calling Hewell as both an expert and a summary witness presents a "dual role" problem. However, the authorities cited do not support an absolute

5

bar on expert summary witnesses, only that such testimony should be subject to certain limitations. *See Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509 (2d Cir. 1977) (holding that expert's testimony should have been excluded because he gave "legal opinions as to the meaning of the contract terms at issue"); *Flores-De-Jesus*, 569 F.3d at 20–21 (warning against the use of overview expert wherein the witness is permitted to testify to evidence not in the record and outside of his specialized knowledge). The use of IRS agents as both summary and expert witnesses in criminal tax cases is well-established. *See Pree*, 408 F.3d at 869–70; *West*, 58 F.3d at 140; *Moore*, 997 F.2d at 58–59; *Bosch*, 914 F.2d at 1242–44.

Accordingly, the Court will admit Hewell's summary testimony, subject to the following two limitations (in addition to those noted above in Part I): (1) Hewell may only testify as to admitted evidence; and (2) Hewell may not testify outside of his specialized field of knowledge. These restrictions adequately protect against the concerns raised by Erickson in opposition to the Government's motion.

Finally, the Court will permit the parties, if they so choose, to submit for the Court's consideration a proposed limiting instruction as to the proper scope and nature of summary testimony.

### III. MOTION TO SEQUESTER WITNESSES

The Government also makes a two-part motion regarding sequestration of witnesses. (Doc. No. 75.) First, the Government moves to generally sequester witnesses in this trial. (*Id.* at 1.) Erickson does not oppose this portion of the motion, and at the pretrial conference on August 4, 2025, the Court indicated its inclination to sequester fact

witnesses. Neither party makes any supplemental argument that pertains to a general sequestration order, and the Court grants this portion of the Government's request.

Second, the Government requests an exception be made to permit Hewell to remain in the courtroom throughout the trial. (*Id.* at 4–7.) Erickson opposes this portion of the request because of Hewell's dual role as a summary witness and expert witness. Further, Erickson requested that his expert witnesses be exempted from the general sequestration order. For the reasons below, the Court denies this portion of the Government's motion, but grants Erickson's request to exempt defense expert witnesses from sequestration.

Federal Rule of Evidence 615 grants a party the right to request the sequestration of witnesses. Rule 615 provides four narrow exceptions to the general presumption in favor of sequestration: a witness who is the natural person party or designated as the party's representative, a person authorized by statute to be present, and "any person whose presence a party shows to be essential to presenting the party's claim or defense" may be exempt from sequestration. Fed. R. Evid. 615. Once a request for sequestration has been made, the party seeking to exempt a witness from sequestration bears the burden of establishing that a Rule 615 exemption applies. A district court has "wide latitude" when exercising its discretion to implement a sequestration order. *United States v. Engelmann*, 701 F.3d 874, 877 (8th Cir. 2012).

The Government asserts that Hewell's presence is essential to its case-in-chief because his testimony is restricted to the evidence admitted at trial. Erickson disagrees, arguing that Hewell's dual role creates a risk that his testimony will unfairly influence the jury if he is exempted from sequestration. Mindful of these concerns, and the skepticism

7

with which courts treat the use of summary witnesses, *Flores-De-Jesus*, 569 F.3d at 19, the Court requested additional argument from the Government identifying what if any impact the sequestration of Hewell would have on the presentation of the Government's case.

The Government reasoned that if Hewell were sequestered, he would not know what evidence has and has not been admitted, impairing his ability to provide accurate summary testimony. The Court is not convinced that this reason justifies exempting Hewell from sequestration. The Government represents that Hewell's summary testimony will be based on "tax returns, bank records, loan applications, and other financial records" admitted into evidence. (Doc. No. 74 at 2.) Because the parties have stipulated to the admission of many anticipated exhibits and because most objections to exhibits in this case will be resolved prior to the start of trial, the Government can inform Hewell of which proposed exhibits will likely be admitted. Moreover, the Government remains able to regularly communicate with Hewell throughout the trial and can make sure he knows whether additional objections result in an unexpected exclusion of any exhibits. Likewise, should any unexpected testimony be presented that impacts Hewell's ability to testify in either his role as a summary witness or his role as an expert, transcripts of this testimony are, of course, being prepared throughout the trial. Should the Government request transcript of testimony, the Court will, after hearing any argument from Erickson, determine whether that testimony can be provided to aid Hewell's preparation. Finally, the Court expects that counsel for both parties will ensure that all of their witnesses are familiar with the Court's evidentiary decisions so as to avoid the risk that any witness would testify in violation of these rulings. Hewell need not be present in the courtroom to know what rulings the Court has made. In

short, the Court does not agree that sequestering Hewell meaningfully burdens the Government. To the contrary, the Court concludes that good cause exists to sequester Hewell because of the nature of the charges, the substantive evidence that the Court expects will be presented, and Hewell's role as both a summary and expert witness.

Turning to Erickson's request to exempt defense experts from the general sequestration order, the Court concludes that the concerns around summary witnesses do not apply to the expert witnesses identified by Erickson. Thus, the Court grants Erickson's request for exemption from sequestration for his three proposed expert witnesses.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Erickson's Motion in Limine to Restrict Expert Testimony (Doc. No. 85) DENIED;

2. The Government's Motion in Limine to Allow Summary Testimony (Doc. No. 74) is GRANTED;

3. The Government's Motion in Limine to Sequester Witnesses is GRANTED IN PART and DENIED IN PART (Doc. No. 75) as follows:

    a. The Government's general request to sequester witnesses is GRANTED; and

    b. The Government's request to exempt IRS Agent David Hewell from the sequestration order is DENIED; and

4. Erickson's request to exempt defense expert witnesses from the sequestration order is GRANTED.

Dated:  August 7, 2025                                       /s/ *Jeffrey M. Bryan*
                                                                                                Judge Jeffrey M. Bryan
                                                                                                United States District Court