UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-7 (JMB/DLM)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID V. ERICKSON,

        Defendant.

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF EXHIBITS G-482, G-523, G-536, G-538, AND G-541**

The United States of America, by and through U.S. Department of Justice Tax Division Trial Attorneys Amanda R. Scott and Boris Bourget, respectfully moves this Court to reconsider in part the Court's Order denying in part and granting in part Defendant David V. Erickson's Motion in Limine to Preclude Evidence of Representations to Certain Financial Institutions Under Rules 404(b) and 403 (Doc. 82). (Doc. 177 at 4–5.) Specifically, the Court ordered that certain exhibits proposed by the Government that do not contain "statements made by Erickson or documents provided by him" should be excluded under Federal Rule of Evidence 403. (*Id.* at 5.)

For the reasons set forth below, the Government requests that the Court reconsider the admissibility of five exhibits apparently encompassed by the Order—namely, G-482, G-523, G-536, G-538, and G-541. These records constitute evidence of Erickson's spending, which is highly relevant to the element of willfulness for the tax evasion and aiding the preparation of false income tax returns charges, in violation of 26 U.S.C. §§ 7201 and 7206(2), in Counts 1 to 15.

1

On August 7, 2025, the parties conferred regarding these exhibits. Counsel for Erickson objected to their admissibility.

I.   **Background**

On March 10, 2025, Erickson moved in limine for an order precluding evidence of his representations to certain financial institutions that the Government alleges were inconsistent with Erickson's representations to the IRS. (Doc. 82.) Based on the plain language of his Motion, Erickson argued only that his *representations* should be excluded from trial under Federal Rules of Evidence 404(b) and 403. On March 21, 2025, the Government filed its response in objection. Specifically, the Government argued that Erickson's *representations* to certain financial institutions were "direct evidence of the charged conduct, as evidenced by the fact that it is detailed at length in the Indictment as proof of the charged crimes." (Doc. 101 at 23.)

On August 4, 2025, the Court heard argument on this Motion at the Final Pretrial Conference. At that hearing, just as detailed in the parties' briefings, the arguments centered on evidence concerning three loan applications that Erickson completed to obtain a home mortgage, to refinance that mortgage, and to purchase an automobile during the years 2017 through 2019. At no time has Erickson argued that other records relating to these loan applications *not* including his representations—such as purchase orders, sale agreements, and payment histories—should be excluded from trial. Accordingly, the Government has not

had any opportunity to explain the probative value of such records, which it offers for reasons apart from Erickson's representations to financial institutions.

On August 6, 2025, the Court issued its ruling on Erickson's motion in limine (Doc. 82). The Court denied it in part. Specifically, the Order states that the "Court permits entry of evidence of statements made by Erickson and any documentation he provided that characterize or refer to any outstanding debt or other liabilities he owed." (Doc. 177 at 4–5.) Yet, to the extent that many other exhibits, marked on the Government's Exhibit List as G-482 to G-571, did not contain "statements made by Erickson or documents provided by him," the Court granted Erickson's motion in part, concluding such "evidence is not intrinsic to the charged conduct and should be excluded under Rule 403." (*Id.* at 5.)

The Government has considered the Court's order and now respectfully requests that the Court reconsider the admissibility of five exhibits that do not contain Erickson's statements: G-482, G-523, G-536, G-538, and G-541. Each exhibit is attached to this Motion to Reconsider. A brief description of each follows:

- G-482 is a purchase agreement dated January 19, 2017, for real estate that Erickson purchased as his primary residence for a listed sales price of over $1.3 million. Erickson obtained a mortgage from American Equity Bank to assume the contract to purchase this property, on which he made representations about his assets and liabilities.

3

- G-523 is an appraisal report for the property described above. The appraisal was conducted in 2019 when Erickson was refinancing the mortgage with American Equity Bank. The appraisal includes photographs of the property and values its worth as $1.8 million.

- G-536 is a purchase order submitted by Erickson in March 2017 for a custom 2017 Tesla Model X. The total purchase price is listed as $164,000.

- G-538 is an installment contract and security agreement signed by Erickson when he purchased the vehicle described above in June 2017. This shows a total sale price of over $182,000, including interest. It also set forth the monthly loan payment ($2,131) and Erickson's down payment ($28,601.76). On his auto loan application, Erickson left the boxes calling for information regarding any of his creditors blank.

- G-541 is a summary of payments that Erickson made on the auto loan that he obtained to purchase this vehicle. This shows that he spent tens of thousands of dollars in recurring monthly payments for years, including 2017 through 2019.

On August 7, 2025, the parties conferred regarding these exhibits. Counsel for Erickson objected to their admissibility, stating: "We do not believe these documents represent 'statements by Erickson or documentation he provided' that characterize outstanding debt. (Doc. Doc. 177, pg. 4-5)."

## II. These Exhibits Are Authentic

The Government would offer Exhibits G-482, G-523, G-536, G-538, and G-541 as self-authenticating, regularly kept documents from banks and other third-party entities, pursuant to Federal Rules of Evidence 803(6) and 902(11). The certifications for these records have all been produced to Erickson. They are marked as Exhibits G-480, G-518, and G-535, and are also attached here.

## III. These Exhibits Are Admissible Under Rules 401 and 403

Exhibits G-482, G-523, G-536, G-538, and G-541 all constitute evidence of Erickson's discretionary spending during the charged years. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402.

Here, Erickson caused subordinates employed abroad to send him money from various foreign corporations that he beneficially owned and controlled at his discretion. He falsely characterized millions of dollars in such payments as nontaxable loans on his federal income tax returns for many years, including tax years 2014 through 2018, as charged in Counts 1 to 15. He then spent that money to fund his lifestyle—transferring hundreds of thousands of dollars from his business bank account to his personal bank account, paying down monthly personal credit card balances, and purchasing real estate and vehicles.

This evidence is relevant. Evidence that Erickson spent those funds on personal expenditures helps establish (1) his dominion and control over the funds

5

and (2) that he earned income from his business activities. Moreover, the same expenditures evidence is also highly probative of Erickson's willfulness.

The willfulness element "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *United States v. Barker*, 556 F.3d 682, 687 (8th Cir. 2009) (quoting *Cheek v. United States,* 498 U.S. 192, 201, (1991)). "The government frequently must prove intent 'by circumstantial evidence[.]'" *United States v. Fairchild*, 819 F.3d 399, 409 (8th Cir. 2016) (quoting *United States v. Morris*, 723 F.3d 934, 939 (8th Cir. 2013)).

Many courts, including the Eighth Circuit, have affirmed the relevance and admissibility of expenditures evidence in criminal tax prosecutions under Rules 401 and 403—even when a jury could take a "dim view" of such spending. *United States v. Shrum*, 655 F.3d 782, 786 (8th Cir. 2011) (quoting *United States v. Mobley*, 193 F.3d 492, 496 (7th Cir. 1999) (concluding evidence of the defendant's casino spending was not unfairly prejudicial); *see, e.g.*, *United States v. Blanchard*, 618 F.3d 562, 569–70 (6th Cir. 2010) (concluding admission of evidence regarding defendant's "discretionary spending" on vehicles, gambling, and firearms was appropriate under Rule 403, explaining that "[i]f a defendant has made discretionary purchases in lieu of meeting his tax obligations, this is probative of his guilt."); *United States v. Bishop*, 264 F.3d 535, 550 (5th Cir. 2001) (listing "spending large amounts of cash that cannot be reconciled with the amount of reported income" as an example of "willfulness" evidence in a tax evasion

6

prosecution); *United States v. Simonelli*, 237 F.3d 19, 30 (1st Cir. 2001) (citing "the expenditures of considerable sums of money for his personal benefit: homes, country clubs, cars and other accoutrements of wealth, with little of the sums to pay for these things reported to tax authorities as his income or as a loan to him" as part of the "strong evidence that [the defendant] had committed tax fraud").

Evidence of Erickson's spending on real estate and vehicles is not only highly probative, but also not unfairly prejudicial. The evidence the Government intends to present is that Erickson obtained money from abroad that was his to spend and that he spent it on goods and assets that were legal to purchase.

Importantly, the Government has meaningfully considered the Court's Order (Doc. 177) and has narrowed the expenditures evidence it originally sought to introduce to reduce any danger of needlessly presenting cumulative evidence. As the Government has informed defense counsel, it will no longer seek to admit the following seventy-seven exhibits on its list: G-481, G-483 to G-485, G-488 to G-517, G-519, G-520, G-522, G-524, G-526, G-527, G-529 to G-534, G-540, or G-542 to G-571. And although Erickson spent millions of dollars at dozens of vendors, the Government seeks to present now only a couple dozen business records to contextualize and explain Erickson's expenditure of funds, including the five exhibits that are the subject of this Motion to Reconsider. Any danger of unfair prejudice arising from such evidence can be minimized by a limiting instruction to the jury that outlines the limited purposes for which the evidence is admitted.

## IV.     Proposed Spending Evidence Is Intrinsic to Charged Offenses

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." In evaluating whether other acts should be subject to a Rule 404(b) analysis, courts in the Eighth Circuit first evaluate whether the evidence is "intrinsic" or "extrinsic" to the charged crimes. *United States v. Swinton*, 75 F.3d 374, 377 (8th Cir. 1996). This is because Rule 404(b) "does not apply to evidence that is 'intrinsic' to the charged offense." *United States v. Guzman*, 926 F.3d 991, 1000 (8th Cir. 2019).

Intrinsic evidence "includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime." *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014). It "need not be *necessary* to the jury's understanding of the issues to be admissible." *Guzman*, 926 F.3d at 1000 (emphasis in original; internal quotation omitted). A determination that other acts evidence is intrinsic generally ends the admissibility inquiry, subject only to a Rule 403 balancing. *Young*, 129 F.4th at 470.

The standard for Rule 404(b) admissibility is "one of inclusion rather than exclusion." *United States v. Geddes*, 844 F.3d 983, 989 (8th Cir. 2017) (internal quotation omitted). The Eighth Circuit "will reverse only when such evidence clearly has no bearing on the issues in the case and was introduced solely to prove

8

the defendant's propensity to commit criminal acts." *Id.* (internal quotation omitted; cleaned up).

Exhibits G-482, G-523, G-536, G-538, and G-541 constitute intrinsic evidence. The purpose of these exhibits is to explain to the jury the full extent to which Erickson controlled and benefitted from the funds he repatriated and mischaracterized as nontaxable loans on his tax returns. Such evidence is inextricably intertwined with the allegations in the Indictment because it is necessary to explain to the jury how much money Erickson earned and failed to report on his 2014 through 2018 tax returns.

This evidence also is necessary to explain many transactions at issue. For example, on November 2, 2017, when Erickson emailed subordinates directing them to send him a $30,000 purported loan "for a deal," the jury should be able to consider Erickson's purpose for this request—namely, to purchase a home for $1.3 million, as shown in G-482 and G-523 (subjects of this Motion), G-018 (email request), and G-796 (summary chart). Additionally, on June 12, 2017, when Erickson emailed subordinates directing them to send him a $25,000 purported loan, the jury should be able to consider Erickson's purpose for this request, too—namely, to purchase a new Tesla, as shown in G-536, G-538, and G-541 (subjects of this Motion), G-019 (email request), and G-795 (summary chart).

In sum, this evidence will connect Erickson's expenditures to his dominion and control of the funds he repatriated and did not pay taxes on. It is further highly probative of his motive and willfulness to the charged crimes, and thus

9

constitutes direct evidence of those crimes. This evidence is not covered by Rule 404(b), and it should not be excluded from trial.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court re-consider the admissibility of the attached exhibits under Rule 403. The Government seeks to introduce these five exhibits documenting Erickson's relevant spending for the limited purpose of proving a key element of Counts 1 to 15, willfulness, and their probative value is not outweighed by the danger of unfair prejudice.

Dated: August 7, 2025    Respectfully Submitted,

JOSEPH H. THOMPSON
Acting United States Attorney

BY:   */s/ Amanda R. Scott*
AMANDA R. SCOTT
Wisconsin State Bar No. 1115668

BORIS BOURGET
Maryland State Bar. No. 2109080015

Trial Attorneys
Department of Justice, Tax Division
150 M Street NE
Washington, DC 20002
(202) 718-2056 (Scott)
(202) 307-2182 (Bourget)

*Attorneys for the United States*